# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CARLOS MONTEZ SMITH,

        Petitioner,

v.                                             CIVIL ACTION NO. 2:10-cv-01239
                                              (Criminal No. 2:08-cr-00007)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner's Application to Proceed without Prepayment of Fees or Costs [Docket 76] and Petitioner's motion, which purports to be a habeas corpus petition under 28 U.S.C. § 2254 [Docket 75]. However, the Court recharacterized the motion as one under 28 U.S.C. § 2255 and ordered Petitioner to inform the Court whether he wished to contest that recharacterization or withdraw the motion. (Docket 77.) Petitioner indicated that he did not want his request to be treated as a § 2255 motion. (Docket 78.) By Standing Order entered September 2, 2010, and filed in this case on January 6, 2011, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 80] on January 6, 2011, recommending

that this Court deny Petitioner's motion because it fails to state a claim upon which relief can be granted and is patently and legally frivolous. The PF&R also recommends that the Court deny Petitioner's Application to Proceed without Prepayment of Fees or Costs.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Magistrate Judge's PF&R on January 24, 2011. (Docket 81.) Petitioner's objections do not meet the standard required under *Opriano* for the Court to conduct a de novo review of the PF&R. Petitioner barely approximates an objection when he states that "the United States Magistrate did not prove that the documents were frivolous[,] the comments are opinions and not facts," (*Id.* at 2), and that "[t]here is also no case law in support of the United States Magistrate's theory," (*Id.*). The Court agrees with the Magistrate Judge's assessment that Petitioner's motion is legally frivolous. Defendant attempts to use the Uniform Commercial Code as an authority. However, the Uniform Commercial Code has no bearing on Petitioner's criminal conviction in this Court or the lodging of the federal detainer against him.

Accordingly, the Court **ADOPTS** the PF&R [Docket 80], **DENIES** Petitioner's motion [Docket 75], **DENIES** Petitioner's Application to Proceed without Prepayment of Fees or Costs [Docket 76], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 24, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE